**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DONALD GOODRICH,**                                    CASE NO. 3:23 CV 2201

     Plaintiff,

     v.                                                         JUDGE JAMES R. KNEPP II

**CITY OF MARION, OHIO, et al.,**

     Defendants.                                          **MEMORANDUM OPINION AND**
                                                 **ORDER**

### INTRODUCTION

Currently pending before the Court is Plaintiff Donald Goodrich's Motion to Remand this case to the Marion County, Ohio Court of Common Pleas. (Doc. 4). Defendants oppose (Doc. 5), and Plaintiff replies (Doc. 7). For the following reasons, the Court denies Plaintiff's motion.

### BACKGROUND

Plaintiff filed the instant action in state court on October 11, 2023. (Doc. 1-1). The claims relate to a Marion police, fire, and EMS response to a call that Plaintiff's brother, Joshua Goodrich, suffered a gunshot wound to the head. *See id.*

Plaintiff brought the case "as the expected Administrator of the estate of Joshua Goodrich, deceased". *Id.* at 2; *see also id.* at ¶ 7 ("Plaintiff Donald Goodrich is and always was the brother of Joshua Goodrich and the expected Administrator of the Estate of Joshua Goodrich."). The Complaint asserts claims for wrongful death (Count One), negligence (Counts Two to Six), and punitive damages (Count Seven) under Ohio state law, and a federal constitutional substantive due process claim under 42 U.S.C. § 1983 (Count Eight). (Doc. 1-1).

On November 3, 2023, Plaintiff was named Administrator of Joshua Goodrich's estate. *See* Doc. 4-1.

On November 13, 2023, Defendants removed this case to this Court pursuant to 28 U.S.C. § 1441, citing 28 U.S.C. § 1331, federal question jurisdiction. (Doc. 1).

## STANDARD OF REVIEW

A defendant may remove any civil action in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). After removal, a plaintiff may bring a motion to remand to state court under 28 U.S.C. § 1447(c). The removing party bears the burden of showing that federal jurisdiction exists. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). The Court must grant the motion to remand if it finds that complete diversity jurisdiction or federal question jurisdiction do not exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because removal jurisdiction raises significant concerns about federalism, the Court must resolve all doubts as to the propriety of removal in favor of remand. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *see also First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002) (removal statutes are to be narrowly construed as they were "adopted in order to restrict rather than expand the scope of removal from the state courts.").

## DISCUSSION

This case arises in the peculiar procedural posture that a plaintiff argues he does not have standing pursuant to his Complaint – for purposes of federal court subject matter jurisdiction – to bring a claim under a federal statute, 42 U.S.C. § 1983. There is no dispute that the Complaint alleges a federal cause of action under § 1983. And there is no dispute that Plaintiff had been, at the time of removal, appointed administrator of his brother's estate.

2

Plaintiff argues remand is required based on a recent Sixth Circuit decision regarding standing in a § 1983 case, *Miller v. Collins*, 2023 WL 7303305 (6th Cir. Nov. 6, 2023). Defendants respond that *Miller* is factually distinguishable, and to do as Plaintiff requests under the facts of this case would create a "procedural 'loophole' whereby an estate administrator could pursue a § 1983 claim in state court with full immunity from removal, so long as he/she files the complaint while their appointment is pending in probate court." (Doc. 5, at 1-2).[1] Plaintiff replies *Miller* requires the Court evaluate standing as of the date of the complaint's filing, and that "the picture Defendants try to paint is harsher than the reality of the situation" because Ohio law requires the administrator to be named before the conclusion of the matter. (Doc. 7, at 4). Therefore, Plaintiff contends, he cannot ultimately succeed on his claims without amending his complaint to reflect his status as administrator; "Defendants are essentially guaranteed an amended complaint" and "[i]t is then that Defendants can attempt to remove the case to federal court." *Id.* at 5. For the reasons discussed below, the Court denies Plaintiff's Motion to Remand.

The dispute here centers on a difference between standing and capacity-to-sue requirements in Ohio state courts and those in federal court. In Ohio, a plaintiff need not be named the administrator of an estate at the time of a complaint's filing, but must be named "prior to a determination in the case." *Crawford v. Bellevue Hosp.*, 2023-Ohio-2709, ¶ 32 (Ohio Ct. App.) (citing *Ramsey v. Neiman*, 69 Ohio St.3d 508, 512 (1994); *Eichenberger v. Woodlands Assisted Living Residence, L.L.C.*, 2014-Ohio-5354, ¶ 2 (Ohio Ct. App.)). This is so because

---

1. Alternatively, Defendants request the Court dismiss Plaintiff's § 1983 claim without prejudice, and then remand the remaining state law claims. (Doc. 5, at 5-6). The Court finds it unnecessary to reach this argument.

Ohio courts have interpreted the issue as a "capacity-to-sue" issue, rather than a standing issue. *See id.* at ¶¶ 22-28.

By contrast, in a recent case, the Sixth Circuit explained that standing must be determined at the time the complaint is filed, and therefore the plaintiff "must have been the administrator when the complaint was originally filed[.]" *Miller*, 2023 WL 7303305, at *3 ("A pending application to be named administrator does not suffice for purposes of Article III standing.") (citing *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012)).

Factually, in *Miller*, a father filed a civil rights action on behalf of his deceased son's estate. *Id.* at *1. He filed the case directly in federal court, and the complaint (and later-filed amended complaint) asserted he was "seeking to be the representative" of his son's estate. *Id.* at *3. After the district court dismissed the plaintiff's claim under Federal Civil Rule 12(b)(6) for failure to state a claim, the Sixth Circuit held on appeal that the district court (and thus also the appellate court) lacked subject-matter jurisdiction over the claims because "[a] pending application to be named administrator does not suffice for purposes of Article III standing." *Id.*[2] In so holding, the court emphasized that "to satisfy the standing requirement, [the plaintiff] must have been the administrator when the complaint was originally filed on April 12, 2022." *Id.*; *see also id.* ("Because Mr. Miller's application was still pending in the Ohio probate court at the time the complaint was filed, he lacked standing to bring this § 1983 action.").

*Miller* is distinguishable from the instant case. The complaint in *Miller* was filed directly in federal court, not filed in state court and then removed as happened here.

"The question of jurisdiction 'is determined at the time of removal'". *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019) (quoting *Williamson v. Aetna Life Ins.*

---

2. The court also noted, without further elaboration: "And he did not seek to file an amended complaint after he attained the status of administrator". *Miller*, 2023 WL 7303305, at *4.

*Co.*, 481 F.3d 369, 375 (6th Cir. 2007)); *see also Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal."). In that same vein, the Sixth Circuit has explained that standing in a removal case is determined at the time of removal:

> There is some room for debate over the operative date for standing purposes in this case. Barber filed her original complaint in state court on October 28, 2019. But the case was removed to federal court on November 27, 2019. This Court has not clarified whether the state court filing date or the date of removal to federal court is the date to consider when analyzing standing. Lower courts have concluded that the removal date governs. *See Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cnty.*, 796 F. Supp. 2d 900, 905 (M.D. Tenn. 2011); *Kelley v. Shelby Cnty. Bd. of Educ.*, 198 F. Supp. 3d 842, 849 (W.D. Tenn. 2016). We agree. Standing is a question of Article III jurisdiction. *See CHKRS, LLC*, 984 F.3d at 488. ***It logically follows that standing should be determined as of the date that the federal court assumed Article III jurisdiction, i.e., the date of removal.***

*Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 392 n.7 (6th Cir. 2022) (emphasis added).

Here, at the time this case was removed to federal court ("the date that the federal court assumed Article III jurisdiction", *id.*), Plaintiff had been appointed administrator of the deceased's estate. *See* Doc. 4-1; *Chase v. Macauley*, 971 F.3d 582, 587 (6th Cir. 2020) (federal courts may take judicial notice of proceedings in other courts of record); *see also Kardules v. City of Columbus*, 95 F.3d 1335, 1347 n.4 (6th Cir. 1996) (recognizing a court's authority to consider extrinsic evidence when addressing issue of standing); *Cf. Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330–31 (6th Cir. 2007) ("When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal . . . But federal courts may look beyond the pleadings to assess challenged facts; this may occur, for example, when the defendant alleges that the plaintiff fraudulently joined non-diverse defendants to destroy diversity jurisdiction.").

Although the complaints in both this case and *Miller* were filed prior to the respective plaintiffs being named administrator of an estate, at the time this case was removed to federal court, Plaintiff in this case had been appointed administrator of his brother's estate. Plaintiff does not dispute the fact that he was named the administrator of the estate prior to removal; he only argues that the Complaint does not reflect this.

The Court finds that during the entire pendency of this case in federal court – since November 13, 2023 – Plaintiff has had standing to bring claims on his brother's behalf and this Court has jurisdiction. *See Barber*, 31 F.4th at 392 n.7 ("It logically follows that standing should be determined as of the date that the federal court assumed Article III jurisdiction, i.e., the date of removal."). This is in contrast to *Miller* where the complaint (and amended complaint) were filed directly in federal court at a time when the estate administrator had not yet been appointed. As such, the Court finds Plaintiff has standing and this matter is properly before this Court on removal.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Remand (Doc. 4) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

6